**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **BRANDON CALLIER**, on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>*versus*<br><br>**GOLDEN RIDGE INSURANCE AGENCY, LLC,** a Florida a Limited Liability Company<br><br>**Jane/John Doe**<br><br>Defendant. | Civil Action No. 3:24-CV-443<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

1

**INTRODUCTION**

Plaintiff BRANDON CALLIER, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Golden Ridge Insurance Agency, LLC ("Golden Ridge") to stop their illegal practice of placing, through its telemarketers, unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

**PARTIES**

1. Plaintiff Brandon Callier (hereinafter "Mr. Callier") is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Mr. Callier may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com.

3. Defendant Golden Ridge Insurance Agency LLC (hereinafter "Golden Ridge") is a limited liability company organized and existing under the laws of Florida and can be served via its registered agent registered agent Corporate Service Company, 1201 Hays Street, Suite 2450, Tallahassee, Florida 32301.

**JURISDICTION AND VENUE**

4. This action is brought by Mr. Callier pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331.

6. This Court has specific personal jurisdiction over the Defendants as they, upon information and belief, authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

7. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas.

### STATEMENT OF FACTS

8. Golden Ridge is an insurance agency that markets and sells Medicare Supplement Insurance policies.

9. Golden Ridge uses telemarketing phone calls to promote their products and services.

10. Mr. Callier is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

11. Mr. Callier personally successfully registered his phone number ending in 4796 on the National Do-Not-Call Registry ("DNC") on October 19, 2023.

12. Defendant made multiple solicitation phone calls to Plaintiff's personal cell phone without Mr. Callier's written consent.

13. Mr. Callier's telephone number 4796 is a residential number.

14. Mr. Callier's telephone number 4796 is used for personal purposes and is not associated with business.

15. Between January 17, 2024, and February 2, 2024, Mr. Callier received twelve phone calls that displayed "Reasonable Ins." on Mr. Callier's caller identification.

16. On January 17, 2024, Mr. Callier received a phone that displayed Reasonable Ins. and also displayed 915-237-3013. Mr. Callier did not answer this phone call.

17. On January 18, 2024, Mr. Callier received a phone that displayed Reasonable Ins. and also displayed 915-237-3022. Mr. Callier answered this phone call and was solicited for a Medicare supplement. Mr. Callier informed the telemarketer he did not have Medicare and to not call back.

18. On January 22, 2024, Mr. Callier received a missed phone call that displayed 915-237-2022 and "Reasonable Ins." on Mr. Callier's caller identification.

19. On January 23, 2024, Mr. Callier received a missed phone call that displayed 915-237-3013 and "Reasonable Ins." on Mr. Callier's caller identification.

20. On January 24, 2024, Mr. Callier received a phone that displayed Reasonable Ins. and also displayed 915-237-3013. Mr. Callier answered this phone call and was solicited for a Medicare supplement. Mr. Callier informed the telemarketer he did not have Medicare and to not call back.

21. On January 25, 2024, Mr. Callier received a missed phone call that displayed 915-237-3013 and "Reasonable Ins." on Mr. Callier's caller identification

22. On January 26, 2024, Mr. Callier received a phone that displayed Reasonable Ins. and also displayed 915-237-3013. Mr. Callier answered this phone call and was solicited for a

Medicare supplement. Mr. Callier informed the telemarketer he did not have Medicare and to not call back.

23. On January 26, 2024, Mr. Callier received a missed phone call that displayed 915-237-3013 and "Reasonable Ins." on Mr. Callier's caller identification.

24. On January 29, 2024, Mr. Callier received a missed phone call that displayed 915-237-2022 and "Reasonable Ins." on Mr. Callier's caller identification.

25. On January 31, 2024, Mr. Callier received a missed phone call that displayed 915-237-3013 and "Reasonable Ins." on Mr. Callier's caller identification.

26. On February 2, 2024. Mr. Callier received a missed phone call that displayed 915-237-3013 and "Reasonable Ins." on Plaintiff's caller identification.

27. On February 2, 2024, Mr. Callier received a phone call that displayed "Reasonable Ins." and 915-237-3022 on his caller identification. Mr. Callier answered the phone and attempted to learn who was behind the persistent phone calls.

28. Mr. Callier was greeted by a telemarketer who began to solicit a Medicare supplement plan to "Rickey Callier." Mr. Callier has an uncle named Rickey.

29. The telemarketer divulged Rickey's personally identifiable information without even verifying to whom he was speaking. Mr. Callier played along for the sole purpose of finding out who was behind the phone calls.

30. Mr. Callier was then transferred to an insurance agent who identified himself as "Dayton." Mr. Callier later discovered Dayton's full name as Dayton Black.

31. Mr. Callier asked Mr. Black the name of the company he worked for and was told he worked for "Senior Supplement." Mr. Callier knew this to be an untrue statement and later

5

asked again what company Mr. Black worked for. Mr. Black then replied, "Medigap Enrollment" in response to being asked the second time for whom he worked.

32. Mr. Callier then asked Mr. Black for the customer service number just in case the call got disconnected. Mr. Black gave Mr. Callier a callback number of 970-499-2559.

33. Mr. Callier, while on the phone, performed a Google search of phone number 970-499-2559 and did not find that number associated with any business.

34. Mr. Callier used another phone to call phone number 970-499-2559 as part of his investigation. Phone number 970-499-2559 is not a working number and does not ring.

35. Mr. Callier continued with the phone call and used his uncle's Medicare information, with his uncle's permission, to uncover the caller's identity.

36. This was necessary because the Defendant did not properly identify themselves as required by law, and when asked for the name of the company gave two false names, and when asked for a phone number gave a false phone number.

37. Mr. Callier went through the entire phone call and only after purchasing products from Defendant was Mr. Callier given the real name and contact information for Defendant.

38. Mr. Callier was given phone number 877-422-0573 as a contact phone number and also sent multiple emails on February 2, 2024, that divulged the Defendant's identity.

39. Mr. Callier and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering the unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## Class Action Allegations

40. Mr. Callier incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

41. Mr. Callier brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

42. Mr. Callier proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) telephone numbers were on the National Do Not Call Registry for at least 30 days, (3) but received more than one call from or on behalf of Golden Ridge (4) within a 12-month period.

43. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

44. Mr. Callier and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

45. The Class Action Complaint seeks injunctive relief and money damages.

46. The Classes defined above are identifiable through dialer records, other phone records, and phone number databases.

47. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant has called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

48. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Mr. Callier and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited prerecorded phone calls.

49. **Adequate Representation**: Mr. Callier will fairly and adequately represent and protect the interests of the other members of the Class. Mr. Callier's claims are made in a representative capacity on behalf of the other members of the Class. Mr. Callier has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Mr. Callier has retained competent counsel to prosecute the case on behalf of Mr. Callier and the proposed Class. Mr. Callier and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

50. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on

Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

51. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Mr. Callier and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following

   a. Whether multiple telemarketing telephone calls were made promoting Defendant's goods or services to members of the National Do Not Call Registry Class;

   b. Whether Defendant's conduct constitutes violations of the TCPA;

   c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

52. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

53. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

54. Mr. Callier, pursuant to local rules, shall move to certify this complaint as a Class Action.

55. Mr. Callier will reidentify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Mr. Callier's Motion to Certify.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANTS' ACTIONS**

56. Mr. Callier realleges paragraphs one through fifty-five and incorporates them herein as if set forth here in full.

57. The calls harmed Mr. Callier by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

58. The calls harmed Mr. Callier by trespassing upon and interfering with his rights and interests in his cellular telephone.

59. The calls harmed Mr. Callier by intruding upon his seclusion.

### First Cause of Action:
### (Violation of the TCPA "Sales Call/DNC" Prohibition 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(C))

### (On behalf of Plaintiff and the TCPA Class)

60. Mr. Callier realleges paragraphs one through fifty-nine and incorporates them herein as if set forth here in full.

61. Defendant called Mr. Callier's private residential number which was successfully registered on the National Do Not Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

62. Mr. Callier was statutorily damaged at least seventeen (17) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

63. Mr. Callier was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Mr. Callier requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

64. As a result of the Defendant's violations of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2), Mr. Callier seeks $500.00 in statutory damages, or $1500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

65. Pursuant to 47 U.S.C. § 227(c)(5)(A), Mr. Callier also seeks a permanent injunction prohibiting Defendant and their affiliates and agents from making non-emergency telemarketing calls to cellular telephone numbers without the prior express written consent of the called party.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier, individually and on behalf of the Class prays for the following relief:

A. An Order certifying the Class as defined above, appointing Mr. Callier as Class representative and appoint his counsel as Class Counsel (after Mr. Callier files his respective motion pursuant to this Court's Local Rules);

B. An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA;

C. An order declaring that the Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA 227(c) for each violation to Plaintiff and to each member of the respective class;

E. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation to Plaintiff and to each member of the respective class;

F. An injunction requiring Defendant to cease sending all unlawful calls;

G. An award of reasonable attorneys' fees and costs; and

H. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Mr. Callier requests a trial by jury of all claims that can be so tried.

Dated this 11th day of December 2024.

Respectfully Submitted,

The Darwich Law Firm, LLC
 /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686

10921 Pellicano Dr, #100
El Paso, TX 79935

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**

## VERIFICATION STATEMENT

I, Brandon Callier, hereby state under oath that I am the Plaintiff in this dispute, that I have read the foregoing complaint, and that it is are true and accurate to the best of my knowledge and belief, except as to matters stated on information and belief, and that as to those matters I believe to be true.

I declare under penalty of perjury that the foregoing verification is true and correct to the best of my knowledge and belief, and as to any matter stated on belief, I believe such to be true.

Dated this 11th day of December 2024.

                                /s/Brandon Callier_____/
                                    Brandon Callier